# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GERARD B. and MARGARET F., as Parents and )
Nearest Friends of KELSEY B., )
    Plaintiffs )
                           ) No. 1:CV-01-1082
    v. )
                           )
CAMP HILL SCHOOL DISTRICT, )
    Defendant

**FILED**
**HARRISBURG, PA**
**MAY 23 2003**
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS AND RELATED EXPENSES IN ACCORDANCE WITH IDEA, 20U.S.C. §1415

Kelsey B., by and through her Parents and Nearest Friends, Gerard B. and Margaret F. (formerly Margaret F. B.) ("parents"), submit this Memorandum of Law in support of their Motion for Attorneys' Fees and Costs and Related Expenses in Accordance with 20 U.S.C. §1415(i)(3)(B).

## I.    FACTUAL BACKGROUND

This dispute was formally commenced in August of 2000 when the parents of Kelsey B., Plaintiffs in this proceeding, invoked their rights to an educational Due Process Hearing in

accordance with the Individuals with Disabilities Education Act, 20 U.S.C. §§1440-1491.  They

disputed the appropriateness of the educational placement proposed for their daughter, Kelsey, in

the Camp Hill School District ("District"), and requested reimbursement for what they deemed to

be an appropriate educational placement at The Janus School, a private institution located in

Mount Joy, Pennsylvania.  They also sought reimbursement for the costs of their Independent

Educational Evaluation (IEE) of Alan Babcock, and costs of transportation.

A special education Due Process Hearing was convened before a designated Hearing

Officer, and was heard over several days.  The District and the parents presented testimony at the

hearing.  The parents' testimony included expert testimony by their private certified school

psychologist, Alan Babcock.

The decision of the Due Process Hearing Officer dated February 26, 2001 was entirely in

favor of the parents, holding that the District had denied a free appropriate public education, and

that the parents were entitled to reimbursement for their placement of Kelsey at The Janus

School and for the costs of the IEE by Alan Babcock.  The Appeals Panel, giving a cursory

review of the record and the Hearing Officer's detailed decision, reversed the decision in its

entirety in their Opinion No. 1111 dated April 20, 2001, holding that the District had offered

Kelsey a free appropriate public education, albeit minimally so, and that the parents were not

entitled to reimbursement for The Janus School nor for the IEE.

The parents appealed the Appeals Panel decision to this Court by service of their

Complaint in the Nature of an Appeal upon the District on July 9, 2001.  The Answer was timely

filed, and the parties filed Motions for Summary Judgment/Disposition on the Administrative

Record.  This Court determined that disposition on the administrative record was the more

appropriate nomenclature.  On May 7, 2003, this Court issued an Order entirely reversing the

Appeals Panel and reinstating the Hearing Officer's decision in total.  By Order dated May 7, 2003, the Honorable Yvette Kane set a date of June 6, 2003 (30 days after the issuance of the Order) by which Plaintiffs were to file their fee petition.  This fee petition is now timely filed, and the parents seek reimbursement for their attorney's fees and costs, including the expert testimony fees of Alan Babcock.

## II.     ISSUE

Whether the parents are entitled to reimbursement of attorney's fees and expenses in the amount of $29,549.51, and costs of expert testimony in the amount of $395.00.

*Suggested Answer:  **Yes***.

## III.    ARGUMENT

Parents are entitled to reimbursement of attorney's fees and expenses in the amount of $29,549.51, and costs of expert testimony in the amount of $395.00, pursuant to 20 U.S.C. §1400, et seq., the Individuals with Disabilities Education Act (hereinafter "IDEA").

### A.     Parents are the Prevailing Party

20 U.S.C. §1415(i)(3)(B) provides that the District Courts of the United States "may award reasonable attorney's fees as part of the costs to the parent of a child with a disability who is the prevailing party."  It is beyond cavil that Kelsey's parents are the prevailing party in this matter.  They have been awarded everything that they requested.  See, e.g., B.K. v. Toms River Board of Education, 998 F.Supp. 462 (D.N.J. 1998); Susquenita School District v. Raelee S., No. 4:CV-95-1063 (M.D. Pa., Dec. 4, 1996); Amy F. v. Brandywine Heights Area School District, 995-1867 E.D.Pa., 26 IDELR 1286; and Jeremy H. v. Mount Lebanon School

District, 95 F.3d 272 (3rd Cir. 1996).  While the law with regard to attorney's fees has changed significantly as a result of Buckhannon v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 121 S.Ct. 1835 (2001), the Buckhannon issue is not relevant to this case, as the parents have become the prevailing party as a result of this Court's Order.  See, e.g., Texas State Teachers Association v. Garland Independent School District, 489 U.S. 782, (1989).

      B.      The Fees Requested are Reasonable

      In general, a reasonable fee is to be computed in accordance with the Civil rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. §1988; see, e.g., Hensley v. Eckerhart, 461 U.S. 424, 103, S.Ct. 1933, 76 L.Ed.2d 40 (1983).

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified.

Hensley, supra., 461 U.S. at 435, 76 L.Ed.2d at 52.  The Court recognized that litigants in good faith may raise alternative legal grounds and conceivably, would not prevail on all issues while still being a "prevailing party" entitled to reimbursement of fees, Id. at 435-36.  The court being requested to award fees "necessarily has discretion in making this equitable judgment," Id. at 437, taking into account such factors as the degree of success, the hours expended by the attorney, and the adequacy of the documentation of those hours.

      In the instant litigation, the parents have prevailed entirely.  This dispute largely involved pitting the broad generalities offered by the District against carefully detailed and analytical data offered by the parents.  The parents' success represents the product of time-intensive labor.

4

Parents submit that their attorney's fees are well documented, and can be directly correlated to appropriate work expended in developing and litigating their defenses to the District's arguments.  In fact, total fees incurred were significantly less than normal, given the amount of work performed because the parents' counsel utilized the services of her paralegal/law clerk for much of the brief writing and did not charge the client for the mentoring necessary to render the briefs submissable.   See affidavit of Vivian Narehood and Attorney Dennis McAndrews, a noted Special Education attorney and Pennsylvania Special Education Due Process Hearing Officer, attached hereto as Exhibit "B".

Fees for appellate work are recoverable.  A District Court may properly award fees for work before it and related legal work at the appellate level, Das v. McHenry Sch. Dist. No. 15, 92-C-4097; 24 IDELR 945 (N.D. IL, 1996).

C.     Expert Witness Fees and Costs of Needed Tests and Evaluations are Recoverable Under HCPA

The Handicapped Children's Protection Act, amending IDEA, authorizes an award of attorney's fees as, "part of the costs . . .", 20 U.S.C. §1415(e)(4)(B).  The term "costs" as used in IDEA, includes the expense of expert witnesses and their independent evaluations necessary to present their testimony, including such costs incurred at the administrative level, Field v. Haddonfield Bd. of Educ., 769 F.Supp. 1313, 1323 (D.C.N.J., 1991); Bailey v District of Columbia, 839 F.Supp. 888, 891-892 (D.DC, 1993).

Although one District Court has suggested that the Supreme Court's holding in West Virginia Univ. Hosp., Inc., v. Casey, 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991), limits expert fees to $30 per day as authorized by 28 U.S.C. §1821(b), other District Courts, upon closer analysis of Casey, have held that part of the costs to be reimbursed include the full

5

amount of expert fees.  Compare <u>Cynthia K. ex rel. William M. v. Board of Educ. of Lincoln-Way High Sch. Dist. 210</u>, 95-C-7172; 23 IDELR 1130 (N.D.IL., 1996) (copy attached) with <u>Field v. Haddonfield Bd. of Educ.</u>, <u>supra.</u>, 769 F.Supp. 1313.  In <u>Field</u>, the District Court of New Jersey concluded that while expert fees were limited to $30 a day under Section 1988, expert fees were fully recoverable under the HPCA.  The legislative history of the HPCA clearly indicated that Congress intended to depart from the ordinary meaning of "attorney's fees" by allowing expert fees under §1415(e)(4)(B).  769 F.Supp. at 1323.

As noted in <u>Field</u>, Justice Scalia, in his opinion in <u>Casey</u>, specifically observed such a distinction between Section 1988 and HPCA, noting that a committee report to the HPCA state that the "'conferees intend that the term 'attorneys' fees as part of the costs' include reasonable expenses and fees of expert witnesses and the reasonable costs of any tests or evaluation which is found to be necessary for the preparation of the . . . case.'" <u>Casey</u>, <u>supra.</u>, 499 U.S. at 91 n.5 (citations omitted).  Justice Scalia concluded that the specification of including expert fees in the reimbursable costs under HPCA "would have been quite unnecessary if the ordinary meaning of the term included those elements.  The statement is an apparent effort to <u>depart</u> from ordinary meaning and to define a term of art." <u>Id</u>. (emphasis in original).

Therefore, as Justice Scalia recognized in <u>Casey</u> and the District Court recognized in <u>Field</u>, "Congress intended that expert fees be included 'as part of the costs' allowable under §1415(e)(4)(B)."  Accordingly, the court in <u>Field</u> awarded the "not insignificant expert fees" as part of the costs to be reimbursed by the District.

In the present case, Alan Babcock's expert fees are more than reasonable, although his extensive evaluation of Kelsey, as well as his detailed testimony, have been

essential in securing for Kelsey an appropriate educational program.  Under the circumstances, full reimbursement of the expense of her services is proper under the HPCA.

D.    <u>An Award of All Attorney's Fees and Costs Sought by Parents is Warranted as a Proper Exercise of Discretion by the Court</u>

Whether or not to award attorney's fees and in what amount rests with the discretion of the court.  However, the court's discretion to deny a fee award to a prevailing parent is narrowly prescribed.  <u>Mitten v. Muscogee County Sch. Dist.</u>, 877 f.2d 932, 936 (11th Cir. 1989) <u>cert. denied</u>, 493 U.S. 1072 (1990).  (Although the awarding of fees is termed "discretionary" under the IDEA, the discretion is narrow and the reasons given in support of the discretion are subject to appellate review).  In general, "[f]ees should, for the most part, be awarded to prevailing plaintiffs as a matter of course."  <u>Mitten</u>, 877 F.2d at 937.

Addressing the equities, the parents stress that they pursued what any parents would seek for their child—an educational foundation that enables the child to use what abilities she has while appropriately taking account of the disabilities with which the child copes. Certainly the largest measure of fees and costs for which the District is now responsible arise as a result of the District's own resistance in acknowledging its shortcomings with regard to Kelsey's education.  The parents did not pursue unnecessary theories or strategies, but rather, took the necessary steps to preserve their rights under IDEA.  Where, as in this litigation, the parents succeeded fully, they likewise "should recover a fully compensatory fee."  <u>Hensley v. Eckerhart</u>, 461 U.S. 424 at 435, 76 L.Ed.2d 40, 52 (1983).

# IV.    CONCLUSION

For the foregoing reasons, the parents respectfully request an award of fees and costs in the total amount of $29,944.51.

Respectfully submitted,

GIBBEL, KRAYBILL & HESS

By: _____

FOR  Vivian B. Narehood
Attorney for Plaintiffs
41 East Orange Street
Lancaster, PA  17602
(717) 291-1700
Sup. Ct. Atty. I.D. #59866

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


GERARD B. and MARGARET F., as Parents and ) 
Nearest Friends of KELSEY B.,              )
    Plaintiffs                             )
                                           )  No. 1:CV-01-1082
            v.                             )
                                           )
CAMP HILL SCHOOL DISTRICT,                 )
    Defendant                              )


## AFFIDAVIT OF VIVIAN B. NAREHOOD
## IN SUPPORT OF PLAINTIFFS' CLAIM FOR ATTORNEY'S FEES


After having been duly sworn, I, Vivian B. Narehood, certify as follows:

1.      I am a 1990 graduate of Widener University School of Law.

2.      I joined the law firm of Gibbel, Kraybill & Hess in 1990.  I began practicing in the area of special education law at that time.

3.      I became a partner in the law firm of Gibbel, Kraybill & Hess in 1995.  The firm handles civil cases, including cases concerning the rights of children and adults with disabilities.

4.      In the last eight (8) years, my practice has become increasingly specialized in the area of the rights of school aged children with disabilities.

5.      I am a regular panelist in annual special education conferences hosted by the PBI and Lehigh University.

6.    A partial list of cases in which I have served as counsel for parents related to special education issues is as follows:

    a.    <u>Warren G. and Grant G. v. Cumberland County School District</u>, 190 F.3d 80, 138 Ed. Law Rep. 91 (3rd Cir.[Pa.], Aug. 25, 1999) (No. 98-7512 98-7517);

    b.    <u>(Lynn T.) In Re: Residence Hearing before Board of School Directors, Cumberland Valley School District</u>, 560 Pa. 366, 744 A.2d 1272, 141 Ed. Law Rep. 872 (Pa., Jan. 20, 2000);

    c.    <u>Susquenita School District v. Raelee S.</u>, 96 F.3d 78 (3rd Cir. 1996), No. 4:CV-95-1063 (M.D. Pa.);

    d.    <u>Amy F. v. Brandywine Heights Area School District</u>, No. 95-1687 (E.D. Pa.);

    e.    <u>Rairdan M. v. Solanco School District</u>, 97-CV-5864 (E.D.Pa. 1998);

    f.    <u>In Re:  Educational Assignment of Melissa S.</u>, a Student in the Lancaster School District, Spec. Ed. Op. No. 921; and

    g.    <u>In Re:  Educational Assignment of Dustin T.</u>, a Student in the Warwick School District, Spec. Ed. Op. No. 928.

    h.    <u>In Re:  Educational Assignment of Michael S.</u>, Spec. Ed. Op. No. 1058;

    i.    <u>In Re:  Educational Assignment of Michael Z.</u>, Spec. Ed. Op. No. 1107;

    j.    <u>In Re:  Educational Assignment of Jeffrey K.</u>, Spec. Ed. Op. No. 1150.

7.    I am a member of the Pennsylvania Bar Association and the Bar Association of Lancaster County.  I am also a member of the Pennsylvania Bar Association's Committee on the Rights of Exceptional Children, and on the Board of Directors of the Education Law Center.

8.    I am admitted to practice before the U. S. Court of Appeals for the Third Circuit, the U. S. District Court for the Eastern and Middle Districts of Pennsylvania, and the Pennsylvania Supreme Court.

9.    As of February 1, 2002, Gibbel, Kraybill & Hess established my current fee of $200.00/hour, concluding that this rate was fair and reasonable in the community, and accurately reflects the caliber of my work.  At the time of the litigation in issue, my fees were $165.00 - $175.00 per hour.  To save costs where possible, I utilized the services of a law clerk, billed out at the rate of $60.00/hour at the time of the litigation in issue.

10.   To date, no court has ever found my rates to be unreasonable.

11.   See, also, affidavit attached from Attorney Dennis McAndrews, a special education attorney of high reputation in southeastern Pennsylvania, as well as a Special Education Hearing Officer.

Date: _May 19, 2003_                    _Vivian B. Narehood_
                                        Vivian B. Narehood

3

COMMONWEALTH OF PENNSYLVANIA   )
                                       )    SS:

COUNTY OF LANCASTER            )

     ON THIS, the __19th__ day of ____May____, 2003, before me, a Notary Public, the undersigned officer, personally appeared Vivian B. Narehood, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within Affidavit and acknowledged that she executed the same for the purposes therein contained.

     WITNESS my hand and notarial seal.

_Shelley Leaman_

Notary Public

```
Notarial Seal
Shelley R. Leaman, Notary Public
Lancaster, Lancaster County
My Commission Expires Nov. 15, 2003
```
Member, Pennsylvania Association of Notaries

## AFFIDAVIT IN SUPPORT OF ATTORNEY'S FEES

I, Dennis McAndrews, Esquire, am an attorney who regularly practices in the field of special education law in southeastern Pennsylvania. I am familiar with the fees charged by plaintiff's counsel in civil rights and disability matters in southeastern Pennsylvania. The hourly rates of Vivian B. Narehood, Esquire and paralegal staff are fair and reasonable rates which are consistent with, or less than, the prevailing rates for attorneys of similar experience, skill, and credentials in southeastern Pennsylvania. This Affidavit is provided pursuant to the laws of perjury of the United States.



_____
Dennis C. McAndrews, Esquire

Date: _5-16-03_____

COMMONWEALTH OF PENNSYLVANIA
                    ss:
COUNTY OF DELAWARE

ON THIS, the _16 th_ day of _MAY_____, 2003, before me, a Notary Public, the undersigned officer, personally appeared Dennis C. McAndrews, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within Affidavit and acknowledged that he executed the same for the purposes therein contained.

WITNESS my hand and notarial seal.

_____
Notary Public

```
            NOTARIAL SEAL
JANICE HARDY, Notary Public
        Wayne, Delaware County
My Commission Expires May 8, 2004
```

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this __22nd__ day of _____May_____, 2003, served the

foregoing Motion for Attorneys' Fees and Costs and accompanying Memorandum of Law upon

the person and in the manner indicated below.

Service by first class mail, addressed as follows:

        Jason R. Wiley, Esquire
        Sweet, Stevens, Tucker & Katz
        331 East Butler Avenue
        P. O. Box 5069
        New Britain, PA  18901


                        GIBBEL, KRAYBILL & HESS


By: _____
           Vivian B. Narehood
           Attorney for Plaintiffs
           41 East Orange Street
           Lancaster, PA  17602
           (717) 291-1700
           Sup. Ct. I.D. No. 59866