## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERARD B. and MARGARET B.,** | : | No. 1:01-CV-01082 |
| as Parents and Nearest Friends of | : | |
| **KELSEY B.,** | : | (Judge Kane) |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| **CAMP HILL SCHOOL DISTRICT,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2003, upon consideration of the Plaintiffs' Amended Motion for Attorney's Fees and Costs and Defendant's response thereto, it is hereby ORDERED that the Motion is GRANTED IN PART and DENIED IN PART as follows:

The Plaintiffs' total fee and cost demand of $29,944.51 is reduced as follows:

1. A deduction of $2,984.50 representing a fifty percent deduction for unsupported fees of Sandra D. Wolski, "Law Clerk 2", and Colleen T. Grygier;

2. A deduction of $6,581.50 for excessive billing;

3. A deduction of $689.50 for specific unnecessary, redundant, and/or duplicative entries;

Plaintiffs are GRANTED reimbursement of $19,689.01 for fees and costs.

**BY THE COURT:**

_____
**Yvette Kane**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERARD B. and MARGARET B.,** | : | No. 1:01-CV-01082 |
| as Parents and Nearest Friends of | : | |
| **KELSEY B.,** | : | (Judge Kane) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **CAMP HILL SCHOOL DISTRICT,** | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT CAMP HILL SCHOOL DISTRICT'S BRIEF IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR ATTORNEY'S FEES AND COSTS

Defendant, Camp Hill School District, by and through its attorneys, Sweet, Stevens, Tucker & Katz, LLP, files the following Brief in Opposition to Plaintiff's Amended Motion for Attorney's Fees and Costs.

**I.   INTRODUCTION**

Plaintiffs' counsel filed an Amended Motion for Attorney's Fees seeking reimbursement for fees in the amount of $29549.51, expenses in the amount of $284.01, and expert witness fees in the amount of $395.00, following the Court's decision on the administrative record issued on May 7, 2003.[1]   This brief is submitted in opposition to the Plaintiffs' Motion.  Defendant, Camp Hill School District ("Camp Hill"), agrees that pursuant to the applicable statutes, Plaintiff's attorneys are entitled to recover reasonable attorneys' fees and appropriate costs.   However, Plaintiffs' Motion and supporting documents do not reflect reasonable fees and costs for the reasons set forth below.

---

[1] The Camp Hill School District has filed an appeal to the Third Circuit.

II.    **ARGUMENT**

    A.    **Standard of Review**

Recovery of attorney's fees is a remedy available to prevailing parties under the IDEA. 20 U.S.C. §1415(i)(3)(B). The standard governing the award of attorneys' fees under 42 U.S.C. § 1988 are applicable to awards sought under the IDEA. See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Jodlowski v. Valley View Community Unit Sch. Dist. No. 365-U, 109 F.3d 1250, 1253 n. 2 (7th Cir.1997). The determination of the reasonableness of attorneys' fees is a matter within the sound discretion of the trial court. See, Holmes v. Millcreek Tp. School Dist., 205 F.3d 583, 596 (3d Cir. 2000); Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); see also Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996); Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir.1990). The result of this computation is called the lodestar. The lodestar is strongly presumed to yield a reasonable fee. City of Burlington v. Dague, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992).

    B.    **Reasonable Rate**

Attorney Vivian Narehood represented the Plaintiffs. Attorney Narehood, during the relevant time period, charged $165 to $175 per hour. She has attached her own affidavit and the affidavit of attorney Dennis McAndrews in support of her rate. In

addition to Vivian Narehood, however, Plaintiffs' have requested reimbursement for fees ranging from $60 per hour to $120 per hour charged by Sandra D. Wolski, another individual identified as "Law Clerk 2", and Colleen T. Grygier.  The Plaintiffs have presented no evidence to support the fees requested by these three individuals.

Although these individuals may be paralegal or law clerks, the Plaintiffs still have the burden of producing evidence of qualifications, areas of specialty, and the manner in which their time is normally billed to clients.  See, Rapp v. Cameron, No. CIV.A. 00-1376, 2002 WL 254504 (E.D. Pa., Feb. 20, 2002); see also, Missouri v. Jenkins, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) (while recoverable attorneys' fee may include work of secretaries, librarians, clerks, messengers and others, Plaintiffs' counsel has the burden of establishing the rate their clients would be billed for these tasks and that these tasks would not ordinarily be included as part of overhead); Holmes, supra (reduction is warranted where a plaintiff's attorney fails to produce evidence to support his or her rate).

The fees charged by Sandra D. Wolski, "Law Clerk 2", and Colleen T. Grygier appear in the Plaintiffs' attorney's fee statement as follows:  Between 8/11/2000 and 9/26/2000, Sandra D. Wolski, designated as "SDW" billed 2.6 hours at a rate of $65 per hour for a total of $169.  Between 01/01/2001 and 01/09/2001, "Law Clerk 2" billed 13.85 hours at a rate of $60.00 per hour for a total of $835.  Finally, between 10/2/2001 and 01/02/2002, Colleen T. Grygier billed 80.95 hours at a rate of $60 and subsequently $120 per hour for a total of $4,965.

Because Plaintiffs have provided this Court with no evidence that the rates of Sandra D. Wolski, "Law Clerk 2", and Colleen T. Grygier are reasonable and

commensurate with other professionals in the community with similar skill, experience and reputation, and whether the charges are of the sort paid by clients in the community, Camp Hill respectfully suggests that their respective fees should be discounted by a minimum of fifty percent to $2,984.50.

C.   **Excessive Hours**

The defendant's obligation is to specify with particularity the reasons for its challenge and the categories of work being challenged. However, the Defendant need not point to each individual excessive entry. Becker v. ARCO Chemical Co., 15 F.Supp. 2d 621, 633 (E.D. Pa. 1998), quoting Bell v. United Princeton Properties Inc., 884 F.2d 713, 721 (3d Cir. 1989); see also Jordan v. CCH, Inc., 230 F.Supp.2d 603, 610 (E.D. Pa. 2002) (citations omitted); Orson, Inc. v. Miramax Film Corp., 14 F.Supp.2d 721, 725 (E.D. Pa. 1998)  When a court assesses the appropriateness of attorneys' fees, it "must recognize the well settled principle that attorneys' fees must be awarded only for those lawyer hours that are reasonably necessary to adequately prosecute the case." Attorneys' fees must not be awarded for attorney hours that are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983).

Plaintiff's charged excessive amounts for the tasks of preparing closing argument for the due process hearing, preparing a Joint Case Management Memorandum, and preparing the Summary Judgment Motion. More specifically, Plaintiffs' counsel billed 11 hours at a rate of $175 per hour for drafting a closing argument in the following four entries:

| | | |
|---|---|---|
| 1/08/2001 | Draft closing argument | 2.00 hours |
| 1/17/2001 | Revise closing argument | 2.00 hours |
| 1/18/2001 | Revise second half of closing argument | 2.00 hours |
| 1/22/2001 | Final draft closing argument | 5.00 hours |

5

Camp Hill respectfully suggests that 11 hours for drafting the closing argument for a due process hearing is unnecessarily excessive and should be reduced to four hours at a rate of $175 per hour (it took Plaintiffs' counsel just 3.00 hours to prepare and revise her opening statement – see entries on 10/6/2000 and 10/9/2000). Thus, Camp Hill respectfully request a deduction of $1,225 for excessive billing for preparing the closing argument.

Plaintiffs' counsel billed 8 hours at a rate of $175 per hour for preparing a Joint Case Management Plan in the following four entries:

| | | |
|---|---|---|
| 8/21/2001 | Draft Joint Case Management Plan | 1.30 hours |
| 8/23/2001 | First Draft of Joint Case Management Plan | 1.90 hours |
| 8/26/2001 | Revise Joint Case Management Plan | 1.30 hours |
| 8/27/2001 | Final revisions to Joint Case Management Plan | 1.50 hours |

Camp Hill respectfully suggests that 8 hours for drafting and revising the Joint Case Management Plan is excessive and should be reduced to two hours (it took Plaintiff's counsel 8.80 hours to prepare the federal district court complaint - see entries for 5/28/2001 through 6/12/2001). Thus, Camp Hill respectfully requests a deduction of $1,050 for excessive billing for preparing the Joint Case Management Plan.

Plaintiffs' counsel billed 85.3 hours at rates between $60 per hour and $175 per hour for for preparing their Motion for Summary Judgment in eighteen (18) entries between 10/2/2001 and 11/14/2001. The total charge for the Plaintiffs' summary judgment motion is $5,742. Camp Hill respectfully suggests that 85.3 hours for drafting and revising the Summary Judgment Motion is excessive and should be reduced by seventy-five percent to 21.32 hours and $1,435.55 dollars (a seventy–five percent reduction of the total dollar amount charged). Thus, Camp Hill respectfully requests a

6

deduction of $4,306.50 for excessive billing for preparing the summary judgment motion.

In summary, Plaintiff's charged excessive amounts for the tasks of preparing closing argument for the due process hearing, preparing a Joint Case Management Memorandum, and preparing the Summary Judgment Motion. Camp Hill respectfully requests a total deduction of $6,581.50 for excessive billing.

### D.     Objection to Specific Entries

Camp Hill makes the following specific objections to various time and task entries. Accepting these specific objections would constitute a total deduction of $689.50.

#### 1.     Objection to Charge for Clerical Task

Purely clerical or secretarial tasks should not be billed at a paralegal rate regardless of who performs them. Missouri v. Jenkins, 491 U.S. at 288 n. 10, 109 S.Ct. at 2472, n. 10; see also, Orson, 14 F.Supp.2d at 725-726. Camp Hill objects to the following entry as a clerical item which should not be billed at an attorney or paralegal rate:

9/26/200     Prepare exhibit package for copying  .80 hours

Camp Hill respectfully suggests that .80 hours for preparing documents for copying at a rate of $65 per hour is excessive and is a unchargeable clerical item. Therefore, Camp Hill respectfully requests a deduction of $52 for unchargeable clerical work..

#### 2.     Objection for Insufficient Description of Task/Clerical Work

The Plaintiffs' attorneys have the obligation of documenting the hours for which payment is sought with sufficient specificity to allow the court to determine if the hours are unreasonable for the work performed. Keenan v. City of Philadelphia, 983 F.2d 459, 472-73 (3d Cir. 1992); Rode, 892 F.2d at 1190. Camp Hill objects to the following item as containing an insufficient description of the task being performed or a task more appropriate performed at a reduced clerical or paralegal rate:

12/28/2000    Summarize Transcript    3.00

Camp Hill respectfully suggests that 3.00 hours at $175 per hour for "Summarizing Transcript" is insufficiently descriptive or should be charged at a reduced clerical or paralegal rate. Therefore, Camp Hill respectfully requests a deduction of fifty percent, $262.50.

### 3.    Objection to Improper Item

Camp Hill Object to reimbursement for the following item which is designated as "not billable":

1/9/2001    Attend DP hearing with VBN (not billable)    5.50 hours

Despite the fact that this item was designated as "non billable", it is not deducted from the total fee. Therefore, Camp Hill respectfully requests a deduction of $330.

### 4.    Objection to Redundant Billing

Reduction is warranted where two individuals are performing the same task for no apparent reason. See Rode, 892 F.2d at 1187-1188; Becker, 15 F.Supp. 2d at 663; Jordan, 230 F.Supp.2d at 610-611. On November 28, 2001, Plaintiffs' counsel, Vivian Narehood, and an individual identified as Colleen T. Grygier for reviewing the

defendant's brief. There is no explanation offered for having two individuals review the brief. Camp Hill respectfully requests a deduction of $45.00 for redundant billing.

### III. CONCLUSION

For all of the reasons set forth herein, Defendant, Camp Hill School District, respectfully requests this Honorable Court reduce Plaintiffs' Attorney's fees and costs as set forth in Camp Hill's proposed order.

    Respectfully submitted,

    **SWEET, STEVENS, TUCKER & KATZ, LLP**

Date: June 23, 2003

By: /s/ Jason R. Wiley
Ellis H. Katz, Esquire, Atty. I.D. # 34835
Jason R. Wiley, Esquire, Atty. I.D. #79874
331 Butler Avenue, P. O. Box 5069
New Britain, Pennsylvania 18901
(215) 345-9111

Attorneys for Defendant,
Camp Hill School District

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERARD B. and MARGARET B.,** | : | No. 1:01-CV-01082 |
| as Parents and Nearest Friends of | : | |
| **KELSEY B.,** | : | (Judge Kane) |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| **CAMP HILL SCHOOL DISTRICT,** | : | |
| | : | |
| **Defendant.** | : | |

## CERTIFICATE OF SERVICE

I, Jason R. Wiley, Esquire, counsel for Camp Hill School District hereby certify that a true and correct copy of the foregoing Brief in Opposition to Plaintiff's Amended Motion for Attorney's Fees and Costs was mailed to the following counsel at the following address, *via* regular U.S. Mail, on this date:

Vivian B. Narehood, Esquire
Gibbel, Kraybill & Hess
41 East Orange Street
Lancaster, Pennsylvania 17602

**SWEET, STEVENS, TUCKER & KATZ LLP**

Date: June 23, 2003

By: /s/ Jason R. Wiley
Ellis H. Katz, Esquire, Atty. I.D. # 34835
Jason R. Wiley, Esquire, Atty. I.D. #79874
331 Butler Avenue, P. O. Box 5069
New Britain, Pennsylvania 18901
(215) 345-9111

Attorneys for Defendant,
Camp Hill School District