ORIGINAL
2-to 𝒩

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA



GERARD B. and MARGARET F., as Parents and )
Nearest Friends of KELSEY B.,                )
    Plaintiffs                               )
                                             )  No. 1:CV-01-1082
      v.                                  )
                                             )
CAMP HILL SCHOOL DISTRICT,                   )
    Defendant

## PLAINTIFFS' RESPONSE TO DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR ATTORNEY'S FEES AND COSTS

### I.    INTRODUCTION

    With this brief, amendment and affidavit, Plaintiffs contend that their request for attorney's fees and costs are more than reasonable. A few adjustments are appropriate, which will slightly increase the reimbursement request.

### II.    ARGUMENT

    A.    <u>Standard of Review</u>

    The District's statement is acceptable.

B.      <u>Reasonable Rates</u>

As explained in the affidavit attached, Sandra D. Wolski is secretary and paralegal for Vivian B. Narehood.  We never charge the client for her secretarial work.  Attorney Greiger's position is also clarified in the affidavit.  Defendant, in effect, acknowledges the appropriateness of Attorney Narehood's hourly rate.  It does not explain why it should be troubled by the fact that she utilized the services of professionals billing at a lower rate to perform what would otherwise have had to be accomplished by Attorney Narehood at her higher rate.  The net result is, of course, a lower total bill to the client, and, in this case, to the District.  The work done was documented and is compensable.

C.      <u>Excessive Hours</u>

Presumably this Court has reviewed other fee petitions and is aware, therefore, that the total cost is, in fact, unusually reasonable.  Attorney Dennis McAndrews, whose reputation and experience as a special education attorney in Pennsylvania is exceptional, attests to the reasonableness of the work performed and the fees charged.

Defendant derides the amount of work performed in drafting the closing argument.  A comparison of the closing argument with the lengthy decision issued by Due Process Hearing Officer Karl Romberger proves the efficacy of the meticulous work involved in that written submission.  The District's comparison between time Attorney Narehood expended on the opening statement versus the time expended on closing argument is irrelevant, and indeed, fatuous.  The opening statement was a simple oral discourse, identifying the issues to be resolved through litigation and briefly summarizing the anticipated proof.  Closing argument, to the contrary, was a lengthy post-hearing written submission, which closely examined all of the documentary and testamentary evidence in a tightly written brief intended to persuade the

Hearing Officer.  In fact, a comparison of the Hearing Officer's Decision with Plaintiff's brief reveals the extent to which that persuasion was effective.  The difficulty of Plaintiff's work in that regard was greatly heightened by the District's pattern of improperly administering diagnostic assessments and repeatedly misinterpreting the results.  It took precise analysis of the data on Plaintiff's part to unveil the flaws in Defendant's argument.  The difficulty in Plaintiffs' burden of proof was further compounded by the factual inaccuracies perpetrated by defense witnesses.  It required careful comparison of the witnesses' testimony with statements they had made in written documents to highlight their own contradictions and correct the record.  The degree to which the Hearing Officer's Decision tracks the analysis offered by Attorney Narehood proves that the work was well expended.

Defendant similarly suggests that Plaintiffs' counsel spent too much time preparing the Motion for Summary Judgment/Judgment on the Administrative Record.  Defendant "respectfully" proposes a reduction without any basis whatsoever for this suggestion.  That Motion/Brief was Plaintiff's sole opportunity to turn a total litigation loss into complete success.  In addition to the issues Plaintiffs had to address in their closing argument brief, as discussed above, Attorney Narehood had to analyze whether an IEP which the Panel had described as uninspired but minimally appropriate was, in effect, appropriate; that is, Plaintiffs' brief had to explore the essence of the meaning of FAPE through close textual analysis of the record in conjunction with the specific requirement of the regulations as interpreted through court decisions.  Admittedly, Attorney Narehood could have performed this task in a more cursory fashion.  Likely, too, she could have lost the case.  Under the circumstances, it is hard to fault her for taking the time and care to do the job properly.

3

D.    Specific Entries

1.    Preparing an exhibit packet is, in fact, not a purely secretarial task. The task involves reviewing the entire record, culling out those documents that are irrelevant or merely cumulative, and organizing and labeling the essential documents necessary to prove the case to provide a coherent, sequential presentation. This is a project which requires judgment and professional training; 0.8 hours is hardly excessive.

2.    Summarizing a transcript is a well-known task. It would be extremely unwieldy to attempt to prepare a Motion and Brief by constantly flipping through transcript pages to find the relevant portions on particular issues. The legal work involved in summarizing and indexing the transcript into immediately accessible data is an indispensable part of preparing for a Motion and Brief for Judgment on the Administrative Record. Defense counsel is disingenuous at best in pretending that he does not know what "summarizing transcript" means.

3.    Time spent by the law clerk attending a Due Process Hearing was intended to be non-billable, and indeed, the requested reduction of $330 is entirely appropriate. Had Defendant's counsel taken the time to confer with Plaintiffs' counsel, this could have been resolved without expenditure of judicial time.

4.    Defense counsel is disingenuous at best in pretending that it is not appropriate to delegate some reviewing work to a law clerk. Nevertheless, in the interest of speedy resolution of this matter, Plaintiff will agree to a $45 reduction in the billing. Again, this could have been resolved through a brief phone call.

5.    Plaintiffs' counsel does, however, seek reimbursement for work attributable to preparation of this Motion for Attorney's Fees and the response to Defendant's reply. The bill attached represents costs we would have been glad to write off had Defendant

4

been cooperative. We are no longer willing to do this. Note that Attorney Narehood's billable rate is currently $200.00 per hour. Accordingly, the total petition should be increased by $800.00. Taking into consideration the two reductions agreed to of $330.00 and $45.00, this results in a net increase of $425.00 to the amount requested to be reimbursed.

## III. CONCLUSION

For all of the above reasons set forth herein, this Court should reduce Plaintiff's attorney's fees in the amounts of $45.00 and $330.00, for a total amount of $375.00. This Court should increase Plaintiffs' attorney's fees in the amount of $800.00 for work attributable to this Motion.

Respectfully submitted,

GIBBEL, KRAYBILL & HESS

By: _____
Vivian B. Narehood
Attorney for Plaintiffs
41 East Orange Street
Lancaster, PA 17602
(717) 291-1700
Sup. Ct. Atty. I.D. #59866