IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD B. and MARGARET B., : | |
| as Parents and Nearest Friends of : | |
| KELSEY B., : | |
|        Plaintiffs : | |
| : | |
| : | CIVIL ACTION NO.  1:CV-01-1082 |
|       v. : | |
| : | (Judge Kane) |
| : | |
| CAMP HILL SCHOOL DISTRICT, : | |
|        Defendant : | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiffs' motion for attorney's fees and costs (Doc. No. 23).  The motion has been fully briefed and is ripe for disposition.  For the reasons that follow, the motion will be granted and Plaintiffs will be awarded $30,922.51 to account for reasonable fees and costs.

**I.     Introduction**

This case arises under the Individuals with Disabilities Education Act of 1997 ("IDEA"), 20 U.S.C. §§ 1400-1487 (2003), on appeal from a decision of the Special Education Due Process Appeals Panel of the Commonwealth of Pennsylvania ("Appeals Panel").  The underlying action was commenced on behalf of Kelsey B., a fourteen year old girl with learning disabilities, by her parents, Gerard B. and Margaret F.  Plaintiffs claimed that Defendant, Camp Hill School District, had not fulfilled its statutory obligations under the IDEA and that they should be reimbursed for Kelsey's private school tuition and for the Independent Educational Evaluation ("IEE") that was completed in September of 2000.  The Hearing Officer found that the District had failed to offer Kelsey a free appropriate public education and the parents were entitled to reimbursement.  The

Appeals Panel reversed that decision in its entirety, and Plaintiffs appealed to this Court.

On cross-motions by the parties, this Court made a decision on the administrative record in favor of Plaintiffs. This Court overturned the decision of the Appeals Panel and held that the Defendant school district did not offer Kelsey a free appropriate public education for the 2000-2001 school year and that the Janus School was an appropriate placement for her. This Court ordered Defendant to reimburse Plaintiffs for the costs of sending Kelsey to Janus and the IEE of Alan Babcock. Plaintiffs were given thirty days to file a motion for attorneys' fees in this matter, which they did on May 23, 2003.

**II.    Discussion**

    **A.    Standard for Attorney's Fees Award**

An award of attorneys' fees award for the prevailing party in an IDEA action is provided for in 20 U.S.C. § 1415(i)(3), which provides, in relevant part: "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(A). Plaintiffs were the prevailing party as demonstrated by the Court's decision in their favor on all claims. A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (quoting S. Rep. No. 94-1011, at 4 (1976)). Therefore, this Court shall exercise its discretion and award a reasonable attorney's fee.

The standards governing the award of attorneys' fees under 42 U.S.C. § 1988 are applicable to awards sought under the IDEA. Holmes v. Millcreek Township Sch. Dist., 205 F.3d 583, 593, n.12 (3d Cir. 2000). The accepted method for determining the statutory attorneys fee is

the "lodestar" method. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The lodestar amount is reached by taking the amount of time reasonably expended by counsel for the prevailing party on the litigation and compensating that time at a reasonable hourly rate. Hensley, 461 U.S. at 433; Brytus v. Spang & Co., 203 F.3d 238, 242 (3d Cir. 2000). The lodestar presumably yields a reasonable fee. Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996).

The party seeking attorney's fees bears the initial burden of proving that the requested fees are reasonable. Rode, 892 F.2d at 1183. To meet this burden, the fee petition must "submit evidence supporting the hours worked and rates claimed." Hensley, 461 U.S. at 433. The party opposing the fee award then has the burden to challenge the reasonableness of the requested fee, by affidavit or brief with sufficient specificity to give the fee applicant notice of the objection. Id.; Bell v. United Princeton Props., Inc., 884 F.2d 713 (3d Cir. 1989). Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the award in light of those objections. Id. at 721; Rode, 892 F.2d at 1183.

### B.    Hourly Rate

The IDEA provides that "[f]ees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C); see also Blum v. Stenson, 465 U.S. 886, 895 (1984) (a reasonable hourly rate is generally calculated according to the prevailing market rates in the community). The "starting point in determining a reasonable hourly rate is the attorneys' usual billing rate[.]" Pub. Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995).

Defendant does not object to the claimed hourly rate of Plaintiffs' counsel, Vivian Narehood, which ranges from $165 to $200. However, Defendant objects to the rates of two law clerks or paralegals utilized by counsel, noting that Plaintiffs provided no evidence that the rates claimed were reasonable. Defendant argues that a fifty percent reduction in the total hours charged by the law clerks, $4,965, would be appropriate. However, Defendant does not provide any evidence as to the reasonableness of this reduced rate. In response, Plaintiffs submit the affidavit of Becky Davis, the legal administrator for Plaintiffs' attorney's law firm as evidence of the rates normally billed to clients for the legal work of Sandra Wolski and Collen Grygier. Davis states that Wolski was Narehood's secretary and paralegal and the firm billed her legal work at $65 hourly at the time she worked on this case. Davis states that Grygier was a law clerk for Narehood whose billable rate was $60 per hour until she passed the bar and was admitted to practice law in Pennsylvania, when her hourly rate was raised to $120. Furthermore, the affidavit of Dennis McAndrews submitted with the original fee petition, states that the "hourly rates of Vivian B. Narehood <u>and paralegal staff</u> are fair and reasonable rates which are consistent with, or less than, the prevailing rates" for comparable work in the community. (Doc. No. 24, ex. 2) (emphasis added).

This Court finds that Plaintiff's counsel's hourly rate of $165 to $175 during the majority of the litigation to be eminently reasonable given her skill and experience with this specialized and complex area of the law. Given that her rate was low and she utilized the skills of professionals billing at lower rates, it is reasonable for her firm to bill the time of law clerks and paralegals separately at prevailing market rates. See <u>Missouri v. Jenkins by Agyei</u>, 491 U.S. 274, 285-289 (1989) (holding separate billing of law clerks and paralegals to be in accordance with fee-shifting

provisions and finding this practice to be the prevailing one in most legal communities). Accordingly, this Court finds the rates billed to be reasonable and fully compensable.

  **C.**  **Hours Expended**

A district court should exclude hours from the lodestar calculation that are not reasonably expended. Hensley, 461 U.S. at 433. Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary. Id. at 437. The court cannot "decrease a fee award based on factors not raised at all by the adverse party." Bell v. United Princeton Props., Inc., 884 F.2d 713, 719 (3d Cir. 1989); but see United States v. Eleven Vehicles, Their Equipment and Accessories, 200 F.3d 203, 212 (3d Cir. 2000) (prohibition on sua sponte reduction in award not applicable to "certain types of attorney work that are simply never compensable under the [statute]"). Defendant objects to 76.98 hours claimed by counsel as excessive and 10.05 hours as redundant, insufficiently detailed, or improperly claimed. The hours not objected to shall be included in the fee award without further discussion.

    *1.*  *Hours Reasonably Expended*

Defendant claims that Plaintiffs' counsel spent excessive amounts of time on preparing the closing argument for the due process hearing, drafting and revising a joint case management plan, and litigating the joint motions for summary judgment. Defendant asks this Court to reduce the eleven hours claimed for closing argument to four, eight hours for the joint case management plan to two, and 85.3 hours for summary judgment by 75%. Defendant offers no evidence to support its allegations other than its own "respectful suggestions" that the hours are excessive and its comparisons to other tasks itemized by counsel, for example, three hours to prepare an opening statement and 8.8 hours to draft a complaint. Plaintiffs' reply brief explains that drafting a closing

5

argument for a due process hearing is a more complicated process than preparing an opening statement. The argument required a written submission which drew together all the documentary and testamentary evidence. In light of this, this Court finds that eleven hours is reasonable for such a task.

Plaintiffs argue that the hours spent preparing the motion for summary judgment or decision on the administrative record was reasonable considering it was the only opportunity to litigate this case and it in fact resulted in a complete victory for Plaintiffs. Defendant does not disclose how many hours its attorneys spent drafting its similar motion, but on its face, 85 hours is eminently reasonable to this Court and Defense counsel could have easily spent the same amount of time on their motion, given that they retained the burden of proof in the matter even as prevailing parties below. Plaintiffs' counsel's records show that between October 2, 2001 and November 14, 2001, Narehood and Grygier spent a total of 85 hours drafting, researching, and revising the motion. 78.4 of these hours were billed by Grygier at the law clerk hourly rate of $60. Narehood billed only 6.6 hours at $175 per hour and asserts that she did not bill for her time mentoring her law clerk. Even had the 85 hours been billed entirely at the higher rate, this Court would find the hours to be reasonable but the fact that counsel used a less experienced law clerk in her office to do the bulk of the work at a lower rate makes the number of hours all the more reasonable. Given counsel's demonstrated billing judgment, the complexity and specialized nature of this area of the law and this Court's own knowledge of the large amount of time required to carefully analyze the factual circumstances of each special education case, Defendant's suggestion that the time is excessive finds no support. Accordingly, Defendant's objection is overruled and the time will be fully compensated. Likewise, the time spent on the joint case

management time is not clearly excessive and will not be reduced.

### 2.    *Objections to Specific Entries*

Defendant makes four additional objections to specific billing entries. Plaintiff concedes that the time spent by the law clerk attending the due process hearing is not billable and should be deducted from the fee award. Therefore, $330 will be deducted to account for the improper billing. Plaintiff's counsel further indicates that she will not object to a $45 deduction for the time spent by a law clerk reviewing Defendant's brief, so this will likewise be deducted from the award. The remaining objections are for .8 hours spent preparing an exhibit package for the due process hearing and three hours spent summarizing a transcript.

Defendant argues that preparing an exhibit package is a clerical task that should not be compensated. Plaintiff's counsel argues that this task is not purely administrative but requires judgment and professional training and that the task was billed at a lower paralegal rate and is not excessive. This Court agrees and will include the time in the fee award.

Defendant objects to the three hours billed for "summarize transcript," arguing that it is insufficiently specified for it to determine whether the hours are reasonable or alternatively, that the hours should be billed at a lower rate. Plaintiff argues that summarizing a transcript is a well-known task that does not require further description and that it is a legal task. While a paralegal could perform the task, it is better done by an attorney who has knowledge of what portions will be legally significant in preparing briefs. Furthermore, the transcript of the four day hearing was lengthy and this Court does not find three hours to be excessive even when billed at the higher rate. Therefore, the time shall be included in the fee award.

Finally, Plaintiff's counsel has submitted an additional request for reimbursement for the

time spent litigating the fee petition. At her current billing rate of $200 multiplied by four hours spent preparing the motion and briefs, Plaintiff's counsel requests an additional $800 for the fee award. A party entitled to an award of attorneys' fees is also entitled to reimbursement for the time spent litigating its fee application. <u>Planned Parenthood of Cent. N.J. v. Attorney Gen. of N.J.</u>, 297 F.3d 253, 268 (3d Cir. 2002). This Court finds that four hours is unusually low for this task and will fully compensate counsel for these hours.

**D.    Costs**

Defendants do not object to the costs claimed by Plaintiff. Therefore, Defendants shall pay $1,664.01 in reasonable litigation costs.

**E.    Calculation of Lodestar**

In summary, the lodestar and final attorney's fee award will be calculated as follows:

| | | | |
|---|---|---|---|
| Vivian Narehood | 3.9 hours | $165/hour | $643.50 |
| | 127 hours | $175/hour | $22,225 |
| | 4 hours | $200/hour | $800 |
| Sandra Wolski | 2.6 hours | $65/hour | $169 |
| Collen Grygier | 93 hours | $60/hour | $5,580 |
| | 1.8 hours | $120/hour | $216 |
| | | Total Lodestar | $29,633.50 |
| | | Deductions | ($375) |
| | | Costs | $1,664.01 |
| | | **Total Fee Award** | **$30,922.51** |

### III.     ORDER

Therefore, **IT IS ORDERED THAT** Plaintiff's Motion for an award of Attorneys fees (Doc. No. 23) is **GRANTED**.  Plaintiffs are awarded $30,922.51 to account for the reasonable attorneys fees and costs expended in pursuing this action.

                         S/ Yvette Kane
                         Yvette Kane
                         United States District Judge

Date: July 22, 2003